## HUNTER v FRENCH et

Ohio Appeals, 2nd Dist, Franklin Co

No 2931. Decided Dec 15, 1938

Wilson & Snider, Columbus, for plaintiff-appellant.

John L. Davies, City Attorney, Columbus, Lawrence R. Curtiss, Asst. City Atty., Columbus, for defendants-appellees.

John M. Collins, Columbus, for H. J. Monteney.

### OPINION

By THE COURT

The above entitled cause is now being determined on appellant's application for rehearing.

The application for rehearing is based on three specifications as follows:

"1. The decision as rendered by the reviewing court herein, failed to take into consideration the authority as set forth in the case of Olds v Klotz, cited in 131 Oh St 447.

"2. The reviewing court failed to take into consideration, changed conditions that have arisen in the past seventy-five years, after said statute was enacted.

"3. The necessity for food stuffs creates the incident for distribution to the consumer."

We will briefly refer to the specifications in the order set out in the application. Appellant accompanies his application with brief.

The case of Olds v Klotz, 131 Oh St p. 447, was referred to in the original briefs and the court examined the case but was unable to determine that it was helpful in determining the demurrer.

Secs 13044 and 13045 GC are admitted'y constitutional provisions and therein are to be distinguished from the Klotz case, supra, wherein the Supreme Court determined the ordinance under consideration unconstitutional.

Nothing further need be said.

Under specification No. 2 complaint is made that our court failed to take into consideration changed conditions that have arisen in the past seventy-five years. We know of no authority to declare a constitutional legislative enactment unconstitutional by reason of changed conditions. The remedy sought should be through the Legislature.

Number 3 is a short, terse statement of the subject of the action, fully considered in our original opinion.

The application for rehearing will be overruled.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.